UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------- x

EDWIN FRANCISCO & ESTARLIN FRANCISCO,

Plaintiffs,

**COMPLAINT**

-against-

THE CITY OF NEW YORK, POLICE OFFICER
RAMON CABRAL (tax # 934557), POLICE OFFICER     <u>Jury Trial Demanded</u>
FRANCIS MAURIO (tax # 953071),

Defendants.

---------------------------------------------------------------------- x

Plaintiffs EDWIN FRANCISCO and ESTARLIN FRANCISCO, by their attorney

RICHARD CARDINALE, allege as follows:

<b><u>PRELIMINARY STATEMENT</u></b>

1.      This is a civil rights action in which the plaintiffs allege that the City of

New York and two New York City Police Officers of the 72nd Precinct violated their rights under

42 U.S.C. § 1983 and the Fourth and Sixth Amendments to the United States Constitution by

falsely arresting them, using unreasonable force on them, denying them a fair trial and

maliciously prosecuting Edwin Francisco.  Plaintiffs also assert claims of false arrest, assault,

battery, malicious prosecution and vicarious liability under New York state law.  Plaintiffs seek

compensatory and punitive damages, attorney's fees and costs and such other and further relief

as the court deems just and proper.

<b><u>JURISDICTION & VENUE</u></b>

2.      This action is brought pursuant to 42 U.S.C. § 1983 and the Fourth and

Sixth Amendments to the United States Constitution.  Jurisdiction is conferred upon this Court

by 28 U.S.C. §§ 1331 and 1343.

3.      Plaintiffs invoke the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367 to hear and decide their New York state law claims of false arrest, assault, battery, malicious prosecution and vicarious liability which form part of the same case and controversy as plaintiffs' federal claims under Article III of the United States Constitution.

4.      Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b) and (c) because the City of New York is located in this District and because the incident in question occurred in this District.

## JURY TRIAL

5.      Pursuant to Fed. R. Civ. P. 38, plaintiffs demand a jury trial.

## NOTICE OF CLAIM

6.      In connection with plaintiffs' claims under state law, notices of claim were duly filed with the City of New York within 90 days of the incident, more than 30 days have elapsed since such filing, and the City has not offered to settle plaintiffs' state law claims.

7.      This action is brought within one year and 90 days of the incident at issue.

## PARTIES

8.      Plaintiffs are former residents of the State of New York, County of Kings.

9.      The City of New York is a municipal corporation organized under the laws of the State of New York.

10.     The individual defendants, Officers Ramon Cabral and Francis Maurio, are members of the New York City Police Department ("NYPD").  Cabral and Maurio acted under color of state law and within the scope of their employment as members of the NYPD at all relevant times herein.  Cabral and Maurio are sued in their individual capacities.

2

## STATEMENT OF FACTS

11.     On April 13, 2014, at approximately 4:00 a.m., brothers Edwin and

Estarlin Francisco were outside 557 46th Street in Brooklyn after exiting a birthday party that was

held for Edwin inside the location.

12.     At all relevant time, plaintiffs were obeying the law.

13.     While the plaintiffs were outside of the location and about to head home,

Officers Ramon Cabral and Francis Maurio arrived in their patrol car, confronted plaintiffs and

demanded identification.

14.     The Officers told plaintiffs that they were responding to a noise complaint.

15.     Plaintiffs explained to the Officers that they were not the source of the

noise.

16.     After a verbal dispute about whether plaintiffs had done anything wrong,

the Officers told plaintiffs they were under arrest.

17.     After Estarlin Francisco questioned the Officers' actions, the Officers,

acting in concert, pepper sprayed Estarlin without justification and handcuffed Estarlin

excessively tight.

18.     The Officers, acting in concert, handcuffed Edwin Francisco excessively

tight and punched Edwin's left hand approximately two times after Edwin stated that the

handcuffs were too tight and that he previously had surgery to his left hand and had a metal plate

in it.

19.     After arresting plaintiffs, the Officers put plaintiffs inside their patrol car

and headed to the 72nd Precinct.

3

20.     On the way to the precinct, Edwin questioned the Officers' actions.  In response, the Officers stopped their car on 45th Street between 5th and 6th Avenues and Officer Cabral punched Edwin twice in the face.

21.     A short time after entering the 72nd Precinct, Officer Cabral struck Estarlin in the head with his radio.

22.     During the time that plaintiffs were held in the 72nd Precinct, the Officers did not provide plaintiffs with food, water or a telephone call.

23.     In the 72nd Precinct, the Officers held Estarlin tightly handcuffed in a cell for several hours.

24.     While in police custody, both plaintiffs were treated by emergency medical technicians and Edwin was treated at Lutheran Medical Center.

25.     In the 72nd Precinct, the Officers, acting in concert, falsely charged plaintiffs with disorderly conduct, obstructing governmental administration, resisting arrest and related offenses.

26.     While plaintiffs were held in Brooklyn Central Booking, Officer Cabral, with the approval of Officer Maurio, misrepresented to the Kings County District Attorney's Office that plaintiffs had committed various offenses.

27.     Officer Cabral, with the approval of Officer Maurio, encouraged prosecutors to file false criminal charges against plaintiffs.

28.     Officer Cabral, with the approval of Officer Maurio, signed and swore to the accuracy of a criminal court complaint falsely charging plaintiffs with various offenses, including disorderly conduct, obstructing governmental administration and resisting arrest.

4

29.     Plaintiffs were arraigned in Brooklyn Criminal Court on April 13, 2014, at approximately 11:00 p.m., and were released on their own recognizance.

30.     Plaintiffs made approximately 3 court appearances after their arraignments.

31.     On November 3, 2014, the criminal charges filed against Edwin were dismissed and the charges filed against Estarlin were adjourned in contemplation of dismissal.

32.     As a result of the defendants' actions, plaintiffs suffered a loss of liberty, emotional distress, fear, anxiety, sadness, embarrassment, humiliation, pain, and physical injuries including bruising and swelling.  Further, Edwin Francisco incurred medical expenses and both plaintiffs incurred ambulance expenses.

**FIRST CLAIM**

**(§ 1983; FALSE ARREST)**

(Against All Defendants)

33.     Plaintiffs repeat the foregoing allegations.

34.     Plaintiffs were conscious of their confinement, they did not consent to their confinement and their confinement was not privileged.

35.     Accordingly, defendants are liable to plaintiffs under the Fourth Amendment for false arrest.

**SECOND CLAIM**

**(§ 1983; UNREASONABLE FORCE)**

(Against All Defendants)

36.     Plaintiffs repeat the foregoing allegations.

37.     Defendants' use of force upon plaintiffs was objectively unreasonable and caused plaintiffs to suffer pain and injuries.

38.     Accordingly, defendants are liable to plaintiffs under the Fourth Amendment for unreasonable force.

## THIRD CLAIM

### (§ 1983; MALICIOUS PROSECUTION)

(Against All Defendants)

39.     Plaintiffs repeat the foregoing allegations.

40.     Defendants maliciously misrepresented to prosecutors that Edwin Francisco had committed several offenses and initiated a prosecution against Edwin or played a role in initiating a prosecution against Edwin.

41.     Defendants' misrepresentations deprived Edwin Francisco of liberty.

42.     The criminal case filed against Edwin Francisco was ultimately dismissed.

43.     Accordingly, defendants are liable to Edwin Francisco under the Fourth Amendment for malicious prosecution.

## FOURTH CLAIM

### (§ 1983; DENIAL OF A FAIR TRIAL)

(Against All Defendants)

44.     Plaintiffs repeat the foregoing allegations.

45.     Defendants maliciously misrepresented to prosecutors that plaintiffs had committed several offenses.

46.     Defendants' misrepresentations deprived plaintiffs of liberty.

6

47.     Accordingly, the defendants are liable to plaintiffs under the Sixth Amendment for denying them a fair trial.

## FIFTH CLAIM

### (§ 1983; FAILURE TO INTERVENE)

(Against All Defendants)

48.     Plaintiffs repeat the foregoing allegations.

49.     Defendants had a reasonable opportunity to prevent the violations of plaintiffs' constitutional rights under Fourth and Sixth Amendments, but they failed to fulfill their constitutional obligation to intervene.

50.     Accordingly, defendants are liable to plaintiffs under the Fourth and Sixth Amendments for failing to intervene to prevent the violation of plaintiffs' rights under those amendments.

## SIXTH CLAIM

### (FALSE ARREST UNDER N.Y. STATE LAW)

(Against All Defendants)

51.     Plaintiffs repeat the foregoing allegations.

52.     Plaintiffs were conscious of their confinement, they did not consent to their confinement and their confinement was not privileged.

53.     The City of New York is vicariously liable to plaintiffs because the individual defendants were acting within the scope of their employment as members of the NYPD at all relevant times.

54.     Accordingly, defendants are liable to plaintiffs under New York state law for false arrest.

**SEVENTH CLAIM**

**(ASSAULT UNDER N.Y. STATE LAW)**

(Against All Defendants)

55.     Plaintiffs repeat the foregoing allegations.

56.     Defendants' use of force on plaintiffs placed plaintiffs in fear of imminent harmful and offensive physical contacts which injured them.

57.     The City of New York is vicariously liable to plaintiffs because the individual defendants were acting within the scope of their employment as members of the NYPD at all relevant times.

58.     Accordingly, defendants are liable to plaintiffs under New York state law for assault.

**EIGHTH CLAIM**

**(BATTERY UNDER N.Y. STATE LAW)**

(Against All Defendants)

59.     Plaintiffs repeat the foregoing allegations.

60.     Defendants' use of force upon plaintiffs constituted offensive and nonconsensual physical contact which injured plaintiffs.

61.     The City of New York is vicariously liable to plaintiffs because the individual defendants were acting within the scope of their employment as members of the NYPD at all relevant times.

62.     Accordingly, defendants are liable to plaintiffs under New York state law for battery.

8

## NINTH CLAIM

### (MALICIOUS PROSECUTION UNDER N.Y. STATE LAW)

(Against All Defendants)

63.     Plaintiffs repeat the foregoing allegations.

64.     Defendants maliciously misrepresented to prosecutors that Edwin Francisco had committed several offenses and initiated a prosecution against Edwin or played a role in initiating a prosecution against Edwin.

65.     The criminal case filed against Edwin Francisco was ultimately dismissed.

66.     The City of New York is vicariously liable to Edwin Francisco because the individual defendants were acting within the scope of their employment as members of the NYPD at all relevant times.

67.     Accordingly, defendants are liable to Edwin Francisco under New York state law for malicious prosecution.

WHEREFORE, plaintiffs request the following relief jointly and severally against the defendants:

a.      Compensatory damages in an amount to be determined by a jury;

b.      Punitive damages in an amount to be determined by a jury;

c.      Attorney's fees and costs;

d.      Such other and further relief as the Court may deem just and proper.

DATED:  January 26, 2015


/s/
_____

RICHARD CARDINALE
Attorney at Law
26 Court Street, Suite # 1815
Brooklyn, New York 11242
(718) 624-9391